# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Kristopher M. KAHALLEY,
### Machinery Technician Third Class (E-4), U.S. Coast Guard

## CGCMG 0234

## Docket No.  1283

## January 23, 2009

General Court-Martial convened by Commander, Eighth Coast Guard District.  Tried at Mobile, Alabama, on 22 March 2007.

| | |
|---|---|
| Military Judge: | CAPT Brian M. Judge, USCG |
| Trial Counsel: | LT Benjamin G. Karpinski, USCGR |
| Assistant Trial Counsel: | LT Demetrius T. Cheeks, USCGR |
| Defense Counsel: | LT Brandon T. Hale, JAGC, USN |
| Assistant Defense Counsel: | LCDR Andrea K. Lockhart, JAGC, USN |
| Appellate Defense Counsel: | LCDR Necia L. Chambliss, USCGR |
| Appellate Government Counsel: | LT Ronald B. Seely, USCGR |

## BEFORE
## McCLELLAND, KENNEY & McGUIRE
### Appellate Military Judges

Per curiam:

Appellant was tried by general court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses:  one specification of conspiracy, in violation of Article 81, Uniform Code of Military Justice (UCMJ); one specification of breach of peace, in violation of Article 116, UCMJ; one specification of assault with a dangerous weapon, in violation of Article 128, UCMJ; and one specification each of resisting civil apprehension and reckless endangerment, both in violation of Article 134, UCMJ.  The military judge sentenced Appellant to a bad-conduct discharge, confinement for two years, and reduction to E-1.  The Convening Authority approved the sentence as adjudged.  The pretrial agreement had no effect on the adjudged sentence.

Before this Court, Appellant has assigned as error that Appellant's guilty plea to the specification of Charge I, regarding conspiracy to assault with a deadly weapon in violation of Article 81, UCMJ, a specific intent crime, was improvident because the judge elicited the fact that Appellant was voluntarily intoxicated, which was inconsistent with the guilty plea, and failed to resolve the inconsistency.

The specification at issue alleges that Appellant "wrongfully conspire[d] with Bobby G. Owens, II and William Murphy to commit . . . assault with a dangerous weapon, and in order to effect the object of the conspiracy, the said Bobby G. Owens, II did shoot at Ryan Butler with . . . a loaded firearm." An element of the offense of conspiracy with which Appellant was charged, as correctly set forth by the military judge, is that Appellant entered into an agreement with the other two persons to commit assault with a dangerous weapon. (R. at 45.) "It is sufficient [for such an agreement] if the minds of the parties arrive at a common understanding to accomplish the object of the conspiracy, and this may be shown by the conduct of the parties." Manual for Courts-Martial, Pt. IV, ¶ 5.c.(2), United States (2005 ed.).

The facts concerning this specification can be briefly summarized based on a Stipulation of Fact, Prosecution Exhibit 1, and the providence inquiry. Ryan Butler, in his vehicle, encountered Appellant and his two companions and their stopped vehicle on a public road. Using a rifle, Mr. Owens fired two shots at Mr. Butler, who fled in his vehicle. Appellant and his two companions followed in their vehicle, with Appellant driving, and eventually Mr. Owens fired another shot at Mr. Butler's vehicle.

The parties stipulated that Appellant had been drinking before the series of events just described, and that he appeared very drunk and could barely stand at the beginning of these events. (Prosecution Ex. 1 at ¶¶ 2, 21, 32.) Appellant testified that together, his two companions and he drank three bottles of liquor and a case of beer during the evening before the events (R. at 29-31) and that when he appeared very drunk, he was in fact very drunk, but that he still understood what he was doing (R. at 34). He acknowledged that he was extremely intoxicated and did not, at trial, recall all the events of that night. (R. at 35.) He also acknowledged that he

and his companions were acting as a unit, "working on this together" (R. at 31).  He further acknowledged that while driving after Mr. Butler, he must have understood that Mr. Owens had some intentions to fire at Mr. Butler's vehicle again, although he didn't remember that because he had been drinking.  (R. at 49-50.)

Thus, Appellant admitted he had a common understanding with Mr. Owens to assault Mr. Butler with the rifle.  One might argue that a factual basis was lacking, in that Appellant was too intoxicated to have such an understanding.  Yet Appellant's conduct, in maneuvering the vehicle to block Mr. Butler's escape initially, and then following him successfully even when Mr. Butler took evasive action, enabling Mr. Owens to take another shot, refutes such an argument.  We do not find a substantial basis for questioning the guilty plea.  *See United States v. Prater*, 32 MJ 433, 436 (CMA 1991).

Appellant also argues that intoxication could have prevented him from forming the specific intent to inflict bodily harm, another element of the offense at issue.  It would have been prudent for the military judge to specifically question Appellant as to his ability to form the requisite intent.  Nevertheless, on this point, too, we find no substantial basis for questioning the guilty plea.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ.  Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved.  Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

For the Court,

L. I. McClelland
Chief Judge